[No. 7,440.—Department Two.]

## G. W. FREEMAN v. W. D. CAMPBELL.

INSOLVENCY—PARTNERS.—In an action to obtain a decree against defendants ordering that a partnership debt be satisfied out of the partnership assets, it is no defense that the defendants have been individually discharged in insolvency from their debts.

APPEAL from a judgment for the plaintiff, in the Superior Court of the County of Colusa. HATCH, J.

After the decision in Department, the appellant filed his petition that the appeal be reheard in Bank, and the application was denied.

*Hart & McKaig*, for Appellant.

No judgment as against the partners themselves, or in any way binding upon them, could have been rendered after their discharge in insolvency. The discharge operated to release them from personal liability for all debts, whether contracted by the individuals or by the partnership. (*Boedefield* v. *Bowers & Reed*, 55 Cal. 299; *Freeman & Klemmer* v. *Campbell & Spurgeon*, id. 197; Hittell's Codes, § 15505; Hilliard on Bankruptcy and Insolvency, 79; *Lothrop* v. *Tilden*, 8 Cush. 375.)

The decree in insolvency dissolves the copartnership, so that a judgment subsequently rendered against the copartnership, as such, would be a judgment against a non-existing thing, and could only be valid as against the individuals who had composed the firm. (Hilliard on Bankruptcy and Insolvency, 58, §§ 8, 9; Story on Partnership, §§ 339, 340.)

*Jackson Hatch*, for Respondent.

SHARPSTEIN, J.:

The judgment appealed from was rendered and entered against the defendants as copartners, with an order that the same should be satisfied out of their partnership property. The defense is, that the defendants have been individually discharged in insolvency from their debts. We have already held, in *Glenn*

v. *Arnold, ante,* 631, that such discharges did not operate to release the partnership indebtedness, for the reason that the insolvency court, by the proceedings, had upon the individual petitions of the insolvents, acquired no jurisdiction over the partnership property.

Judgment affirmed.

THORNTON, J., and MYRICK, J., concurred.